IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 2:19-CR-8-45 |
| CHRISTIAN STEVENS, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Before the Court is Defendant Christian Stevens's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines, which became effective on November 1, 2023. ECF 3982. Mr. Stevens argues that an amendment at U.S.S.G. § 4A1.1(e), concerning "status points," retroactively applies to decrease his criminal history category[1] to II, and consequently his Sentencing Guidelines range of imprisonment[2] to 15 to 21 months. *Id.* at p. 4. After carefully considering Amendment 821 and the applicable policy statements, the Presentence Investigation Report (PSR) and addendum prepared at Case No. 2:16-cr-188,[3] the relevant sentencing materials of record, and

---

[1] Mr. Stevens contends that at time of sentencing his criminal history category was both IV and III. *Compare* ECF 3982, p. 1 (sentencing range was "based on . . . a criminal history category of IV"), *with* p. 4 ("Amendment 821 therefore reduces [Mr.] Stevens['s] . . . criminal history category from three to two."). To be clear, the parties stipulated to a criminal history category of IV. ECF 3327, p. 1.

[2] Mr. Stevens notes that as determined by the Court, his Guidelines range at sentencing was 24 to 30 months, but later states it was 21 to 27 months. *Compare* ECF 3982, p. 1 (sentencing range was "24 months to 30 months"), *with* p. 4 (Stevens's "applicable guideline range is reduced from 21-27 months"). To be clear, Mr. Stevens's range at sentencing was 24 to 30 months. U.S.S.G. Ch. 5, pt. A.

[3] Mr. Stevens knowingly and voluntarily waived his right for a PSR to be prepared in this case, so the Court relied upon the previous PSR for sentencing. ECF 3276; ECF 3357, p. 1.

the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Mr. Stevens's sentence remains appropriate and so will deny the motion.

## BACKGROUND

Mr. Stevens was charged with one count of conspiracy to possess with intent to distribute schedule I, II, and III controlled substances, in violation of 21 U.S.C. § 846. ECF 501. Mr. Stevens pleaded guilty to a lesser included offense of that count, conspiring to distribute Schedule I synthetic cannabinoid controlled substances. ECF 3274; ECF 3367.

The parties stipulated to Mr. Stevens's Sentencing Guidelines calculations, including a criminal history category of IV, which the Court adopted after resolving a dispute as to the application of an enhancement. ECF 3357, p. 1; ECF 3327, p. 1. As reflected in the Sentencing Table in Chapter 5 of the Guidelines, based on a total offense level of 13 and a criminal history category of IV, Mr. Stevens's Guidelines range of imprisonment was 24 to 30 months. U.S.S.G. Ch. 5, pt. A.

The Court sentenced Mr. Stevens on March 30, 2022. ECF 3367. The Court varied downward from the Guidelines range and sentenced Mr. Stevens to a term of imprisonment of 18 months, consecutive to his sentence at Case No. 2:16-cr-188. *Id.* Mr. Stevens's projected release date is June 30, 2025.

## DISCUSSION & ANALYSIS

Mr. Stevens moves to reduce his sentence based on Amendment 821 of the Sentencing Guidelines. Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d), (e)(2). He argues that under Amendment 821's revisions to U.S.S.G. § 4A1.1—the Guidelines provision governing the calculation of a defendant's criminal history category—he is eligible for a six-month reduction in his term of imprisonment.

For a defendant sentenced to a term of imprisonment based on a sentencing range that has later been lowered by the Sentencing Commission, the Court may

reduce the term of imprisonment after considering the Section 3553(a) factors to the extent they are applicable, if such a reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2). Thus, to reduce Mr. Stevens's sentence, the Court must find that he is eligible for a reduction under U.S.S.G. § 1B1.10, and that the reduction is warranted by weighing the Section 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).[4]

After careful consideration, the Court holds that Mr. Stevens is ineligible for the reduction under step one of the Section 3582 analysis. At step one, the Court must find that Mr. Stevens is eligible for a reduction under U.S.S.G. § 1B1.10. *See Dillon*, 560 U.S. at 827. In turn, U.S.S.G. § 1B1.10 tasks the Court with "determin[ing] the amended guideline range that would have been applicable to the defendant if [Amendment 821] had been in effect" when the Court sentenced Mr. Stevens. U.S.S.G. § 1B1.10(b)(1).

Under subsection (d) of the prior version of Section 4A1.1, defendants received two criminal history points if they committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (Nov. 1, 2021). Under the new subsection (e) of Section 4A1.1, defendants receive one criminal history point if they commit the instant offense while under any criminal justice sentence, and only receive that point if they received seven or more points under other Section 4A1.1 subsections. U.S.S.G. § 4A1.1(e).

---

[4] In making this determination, a new sentencing hearing is not required, and the Court finds here that such a hearing would not be helpful, given the record previously made at the sentencing hearing in this case. *United States v. Montgomery*, 398 F. App'x 843, 845 (3d Cir. 2010) (no evidentiary hearing required where there was "no evidentiary issue to resolve" and hearing "would not have changed the result in this case"); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009) (whether to hold hearing on a Section 3582(c)(2) motion is in district court's discretion).

Even if the Court were to sentence Mr. Stevens under the current Section 4A1.1, the result is the same. A criminal history category of IV, as the parties stipulated to, applies to a defendant with 7, 8, or 9 criminal history status points. U.S.S.G. Ch. 5, pt. A. At most, a two-point reduction would leave Mr. Stevens with 5 criminal history status points, which results in a criminal history category of III. *Id.* Based on a total offense level of 13 and a criminal history category of III, Mr. Stevens's Sentencing Guidelines range would be 18 to 24 months of imprisonment. *Id.* At 18 months, Mr. Stevens's sentence is already at the low end of that amended range. The Court can't further reduce Mr. Stevens's term of imprisonment.[5] U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range"); *see, e.g.*, *United States v. Lozano*, No. 15-0228, 2024 WL 3361089, at *2 (W.D. Pa. July 10, 2024) (Schwab, J.) ("Defendant's 210-month sentence is the minimum (*i.e.*, low end) of the amended guideline range, and because this Court cannot reduce Defendant's sentence below 210 months, he is ineligible for a further reduction based on Amendment 821."); *United States v. Swindle*, No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024) (Fischer, J.) (defendant ineligible for sentence reduction where sentence he received was already below revised sentencing range).

Because the Court finds that Mr. Stevens is ineligible for a sentence reduction under step one of the *Dillon* analysis, it doesn't reach step two. *See United States v. Ahmad-Revis*, No. 2:20-204-2, 2024 WL 2785073, at *1 (W.D. Pa. May 30, 2024) (Ranjan, J.).

---

[5] There is one exception to this rule, though it doesn't apply here. The Court may impose a "comparably less" reduction if the defendant gave "substantial assistance to authorities" prior to sentencing. U.S.S.G. § 1B1.10(b)(2)(B).

- 4 -

## **CONCLUSION**

For the above reasons, the Court hereby **DENIES** Mr. Stevens's motion for a sentence reduction.

Date: November 18, 2024　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　/s/ J. Nicholas Ranjan
　　　　　　　　　　　　　　　　　　　　United States District Judge